# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORBERTO COLON LORENZANA, GLADYS GOZA GONZALEZ And THEIR CONJUGAL PARTNERSHIP **PLAINTIFFS** <br><br> VS. <br><br> SOUTH AMERICAN RESTAURANTS CORP., COMPANY A OF UNKNOWN NAME, And JOHN DOE. **DEFENDANTS** | CIVIL NO. <br><br><br> TRADEMARK <br><br> TRIAL BY JURY REQUESTED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW**, the Plaintiffs, through the undersigned counsel, who very respectfully Request, State and Pray:

### THE PARTIES

1- Plaintiff, Norberto Colón Lorenzana, is male of legal age, U.S. citizen, and resident of Ponce, Puerto Rico. Through this complaint he claims his personal cause of action.

2- Plaintiff, Gladys Gozá González, is female of legal age, U.S. citizen, and resident of Ponce, Puerto Rico. Through this complaint she claims her personal cause of action.

3- Upon information and belief, at all times pertinent to this Complaint, the defendant, South American Restaurants Corp., is a private corporation duly organized under the laws of the Commonwealth of Puerto Rico with offices in the city of San Juan, Puerto Rico and at the time of the events that give rise to the complaint, defendant was the owner and administrator of Church's Fried Chicken franchise in Puerto Rico.

Case 3:12-cv-01794-MEL   Document 1   Filed 09/24/12   Page 2 of 5

Page 2.
Norberto Colón Lorenzana, et. al. v. South American Restaurants Corp., et. al.

4- Upon information and belief, defendant Company A of unknown name, and at all the times mentioned in this complaint, is an insurance company with an insurance policy in full force and effect to cover all the damages claimed in the present complaint.

## JURISDICTIONAL ALLEGATIONS

5- Jurisdiction in this action is based upon the existence of federal questions and upon the rights of action created under federal statute. The action arises under Title 15, United States Code, Sec. 1120 and its jurisdictional counterparts 15 U.S.C § 1121, and 28 U.S.C. § 1331. This court has supplemental pendant jurisdiction, pursuant to the supplemental jurisdiction statute, 28 U.S.C.A. Sec. 1367, over the plaintiffs' claims which arise under the Puerto Rico Articles 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 §§ 5141. Venue for this action lies within the District of Puerto Rico because the claims arose on the basis of acts committed by the defendants within the District of Puerto Rico.

## THE FACTS

6- Plaintiff Norberto Colón, began working for Defendant, South American Restaurants Corp., on August 17, 1987.

7- While he worked for South American Restaurants Corp., he held various positions, the first being as a store manager.

8- That while working as store manager, Norberto Colón, invented the concept for a new chicken sandwich and asked the defendant to include it as part of their daily menu.

9- That after various sandwich acceptance tests directed by plaintiff Norberto Colón, defendant South American Restaurants began to market the chicken sandwich.

10- Plaintiff Norberto Colón selected the name "Pechu Sandwich" for the product.

11- Defendant South American Restaurants acknowledged in writing that plaintiff Norberto Colón was the creator of the sandwich and the plaintiff even testified it in a case the defendant had against Kentucky Fried Chicken for the rights to the name "Pechu Sandwich".

12- That the defendant fraudulently registered the name "Pechu Sandwich" as if it had been the defendant's creation without the plaintiff's knowledge, consent or benefit.

13- That the defendant created additional menu items and derived their names from the name "Pechu Sandwich" for their own economic benefit without the plaintiff's consent or authorization.

14- That the Plaintiff never received compensation for this creation.

15- That the Defendant has received economic benefits from the plaintiff's creation without compensating the plaintiff.

16- That the name "Pechu Sandwich", is a work whose author is plaintiff Norberto Colón Lorenzana.

17- That the plaintiff has the right to receive all of the economic benefits produced by his creation and all of the economic rights produced by the products using the derived names of his creation.

18- Defendant's acts has been commited in the District of Puerto Rico, within the jurisdiction of this Court, and the pecuniary rights of a work are only obtained by the copyright law of the Federal Court being an exclusive jurisdiction.

## FIRST CAUSE OF ACTION: TRADEMARK REGISTRATION BY FALSE REPRESENTATION

19- Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 18.

20- Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false

Case 3:12-cv-01794-MEL   Document 1   Filed 09/24/12   Page 4 of 5

Page 4.
Norberto Colón Lorenzana, et. al. v. South American Restaurants Corp., et. al.

means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.  15 U.S.C § 1120.

21- Defendant South American Restaurants Corp. intentionally, willfully, fraudulently and maliciously procured the registration of Plaintiff's creation in the Patent and Trademark Office without his consent and proper compensation with the intent to injure the Plaintiffs.

22-  Defendant has sold and continues to offer for sale Plaintiff's creation without his authorization and has continued to offer for sale such products bearing plaintiff's creation to the public.

23-  Defendant has obtained gains, profits and advantages as a result of its unlawful acts.

24-  The Plaintiffs have suffered damages as a result of the aforesaid acts.

## SECOND CAUSE OF ACTION: TORTS CLAIM
## UNDER SUPPLEMENTAL JURISDICTION

25- Plaintiffs incorporate by reference the allegations set forth in  paragraphs 1 through 18 and 20 through 24.

26- The acts and conduct of the defendant South American Restaurants Corp. constitute civil conspiracy to violate plaintiffs' rights, and/ or infliction of emotional distress and/or negligence or gross negligence causing the aforementioned economic harm and damages to plaintiffs for which the defendant is liable to plaintiffs under article 1802 of the Civil Code of Puerto Rico.  31 L.P.R.A. Sec. 5141.  This Court may properly exercise pendent jurisdiction to hear and adjudicated these claims.

27- The acts of the defendant were performed knowingly, intentionally, and maliciously with the intention to cause damages to plaintiffs, by reason of which plaintiffs are entitled to an award of punitive damages.

**WHEREFORE,** above premises considered, it is respectfully requested from this Honorable Court to enter judgment for plaintiffs and  jointly and severally against defendants:

Page 5.
Norberto Colón Lorenzana, et. al. v. South American Restaurants Corp., et. al.

1- In the amount no less than $10,000,000.00 as damages;

2- All the earnings produced by his creation and all of the economic rights produced by the products using the derived names of his creation.;

3- Awarding plaintiffs the cost of this action and attorney's fees;

4- Legal Interest;

5- Such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED,**

In Ponce, Puerto Rico, for San Juan, Puerto Rico this 24th day of September 2012.

S/José Rafael Santiago Pereles
**JOSE RAFAEL SANTIAGO PERELES, Esq.**
USDC No. 215708
ATTORNEY FOR PLAINTIFFS
**SANTIAGO PERELES, RINALDI & COLLAZO, P.S.C.**
606 Ave. Tito Castro Ste. 203
La Rambla Tower Buzón 303
Ponce, P.R. 00716-0218
Tel. (787) 259-6294
Fax (787) 259-6294
E-MAIL: santiagopereles@yahoo.com