1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3

4    **GLADYS GOZA-GONZALEZ, et al.,**

     **Plaintiffs,**

5                                                    **Civil No. 12-1794 (GAG)**

     **v.**

6

     **SOUTH AMERICAN RESTAURANTS**

7    **CORP., et al.,**

8    **Defendants.**

9

                            **OPINION AND ORDER**

10

        Norberto Colon-Lorenzana and Gladys Goza-Gonzalez (collectively "Plaintiffs") bring this

11

trademark action against South American Restaurants Corporation and various unknown defendants

12

(collectively "Defendants") claiming Norberto invented the "Pechu Sandwich."  (Docket No. 1.)

13

While still in its nascent stages, Defendants move to dismiss the complaint due to Plaintiffs' failure

14

to serve process within 120 days of filing the complaint.  (See Docket No. 9.)  Plaintiffs oppose

15

claiming they were hamstrung due to the late issuance of the summons by the court.  After reviewing

16

the documents, the court **DENIES** Defendants' motion to dismiss.

17
**I.    Procedural Background**

18

        Key to determining the merits of Defendants' motion is the timeline of the events.  Plaintiffs

19

file the complaint on September 24, 2012.  (Docket No. 1.)  The clerk's office notified Plaintiffs that

20

the summons attached to the complaint failed to conform to the format prescribed by the U.S.

21

District Court on September 25, 2012.  (Docket No. 3.)  On October 29, 2012, Plaintiffs re-filed the

22

summons with the court in the correct format (Docket No. 5) and the clerk's office issued the

23

summons on November 29, 2012 (Docket No. 8).  The present motion to dismiss was filed on March

24

26, 2013 (Docket No. 9), the court ordered Plaintiffs to show cause as to why the complaint should

25

not be dismissed (Docket No. 10), and Plaintiffs' response was filed on April 9, 2013 (Docket No.

26

11).

27
**II.    Discussion**

28

**Civil No. 12-1794 (GAG)**

1    Federal Rule of Civil Procedure 4(m) (the "Rule") states:

2    If a defendant is not served within 120 days after the complaint is filed, the
     court–on motion or on its own after notice to the plaintiff–must dismiss the
3    action without prejudice against that defendant or order that service be made
     within a specified time.  But if the plaintiff shows good cause for the failure,
4    the court must extend the time for service for an appropriate period.

5    FED. R. CIV. P. 4(m) (2013).  Defendants claim the 120 day period expired on January 22, 2013, but

6    that the court granted Plaintiffs until January 25, 2013 to execute service.  (See Docket No. 9 at 2.)

7    Plaintiffs conveniently disremember the initial defective filing of the summons and simply argue it

8    is the court's fault for the delay because the clerk's office did not issue the summons until November

9    29, 2012 and it was not received by Plaintiffs until December 3, 2012.  (See Docket No. 11 at 2.)

10   Therefore, the 120 days began to run on December 4, 2012 allowing Plaintiffs to execute service on

11   or before April 4, 2013.

12       As the Rule indicates, a district court has broad discretion in ruling whether to dismiss the

13   complaint or allow an extension.  See United States v. Lezdey, Civil Action No. 12-11486-RWZ,

14   2013 WL 704475, at * 2 (D. Mass. Feb. 26, 2013) (citing United States v. Tobins, 483 F. Supp. 2d

15   68, 77 (D. Mass. 2007)); Pomales-Soto v. Guzman, Civil No. 12-1091 (JAF), 2012 WL 6005763,

16   at * 2 (D.P.R. Nov. 30, 2012).  In this case, the court finds it best to use the December 4, 2012 date

17   to commence the 120 period.  Plaintiffs did not unreasonably delay in curing their defective filing

18   with the court and Plaintiffs did execute service of process within 120 days from receiving the

19   summons from the clerk's office.  Finally, the action was only delayed, at most, by three months and

20   Defendants have not argued any prejudice stemming from a ruling denying their motion.  Therefore,

21   the court, in its discretion, **DENIES** the motion to dismiss.

22       **SO ORDERED**

23   In San Juan, Puerto Rico this 11th day of April, 2013.

24

25                                              *S/Gustavo A. Gelpí*
                                                GUSTAVO A. GELPÍ
26                                              United States District Judge

27

28                                      2